ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 AUG 23 AM 11: 35
CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| RODERICK MCKISSICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 312-065 |
| | ) | |
| BRIAN OWENS, Commissioner, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate incarcerated at Telfair State Prison in Helena, Georgia, filed the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"). In the complaint, Plaintiff's claims primarily concern the conditions of his confinement, his access to legal materials, and the prison grievance system. (Doc. no. 1, pp. 5-7.) Because Plaintiff has not yet paid the initial fee imposed in the Court's Order of August 14, 2012, the Court has not yet screened Plaintiff's complaint pursuant to the IFP statute to determine which, if any, claims are viable and which, if any, Defendants should be served with a copy of the complaint. See 28 U.S.C. § 1915A. The matter is presently before the Court on Plaintiff's motion for a preliminary injunction. (Doc. no. 7.) Despite the fact that the Plaintiff's complaint has not yet been screened, the Court finds it appropriate to rule on Plaintiff's motion for preliminary injunctive relief without further delay.

In the instant motion, Plaintiff essentially re-asserts the allegations contained in his complaint, but frames those allegations as demands for immediate relief. Plaintiff's motion

contains a detailed list of the specific relief that he seeks with respect to each individual claim (id. at 2-3), as well as an attached "brief" intended to support his motion that restates the alleged facts of his complaint and presents what he sees as the legal basis for each of his claims. (Id. at 4-18.) In his motion, Plaintiff requests that an order be entered requiring that the kitchen officials properly prepare kosher meals and serve them on restricted trays, that he not be subjected to the "unsanitary and inhumane conditions" of the shower, that he be given greater access to legal material, that the grievance system be improved, that kitchen materials be handled with gloves, and that inmates be given chemicals and utensils to sanitize their cells. (Id. at 2-3.)

A party moving for injunctive relief must show the following: "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson County, 720 F.2d. 1511, 1519 (11th Cir. 1983)).

Here, Plaintiff has not addressed any of the four requirements for obtaining injunctive relief, much less met his burden of persuasion as to those requirements. Plaintiff has offered nothing to suggest a likelihood of success on the merits of his claims, and instead uses the

instant motion to simply restate the claims from his complaint in slightly greater detail. Additionally, Plaintiff has failed to establish that, if the injunction is not granted, there is a substantial threat that he will suffer irreparable injury. In order to satisfy the irreparable injury requirement, Plaintiff must show that the threat of injury is "neither remote nor speculative, but actual and imminent." Northeastern Fla. Chapter of Ass'n of General Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir. 1990) (quoting Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 973 (2d Cir. 1989)); see also Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994) (noting that, in order to obtain injunctive relief, a plaintiff must show "a real and immediate – as opposed to a merely conjectural or hypothetical – threat of *future* injury."). Here, Plaintiff has not identified any injury, imminent or otherwise, that he is likely to sustain if he is not granted the relief that he seeks in the instant motion.

As for the final two elements of the preliminary injunction inquiry, Plaintiff has offered nothing to suggest that any threatened injury to the movant outweighs the damage the proposed injunction may cause the opposing party or that the proposed injunction would not be adverse to the public interest. He has therefore failed to satisfy these elements, especially since federal courts should refrain from unwarranted interference in the day-to-day operations of state prisons. See Prieser v. Rodriguez, 411 U.S. 475, 491-92 (1973). In sum, Plaintiff has not satisfied the requisite elements for a preliminary injunction.

Lastly, Plaintiff's requests concerning the conditions of his confinement, the prison grievance system, and his access to legal materials are, in effect, requests for a broad instruction to Defendants and various prison officials to obey the law. (Doc. no. 7, pp. 2-3.)

3

However, Fed. R. Civ. P. 65(d) requires requests for injunctions to be *specific* – an injunction which merely orders the defendants to obey the law is too broad and too vague to be enforceable. See Brown v. Alabama Dep't of Transp., 597 F.3d 1160, 1185 (11th Cir. 2010); Burton v. City of Belle Glade, 178 F.3d 1175, 1201 (11th Cir. 1999). As Plaintiff's requested injunction does not conform to the specificity requirement of Rule 65(d), it is unenforceable and must fail.

For these reasons, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion for a preliminary injunction be **DENIED**. (Doc. no. 7.)

SO REPORTED and RECOMMENDED this 23rd day of August, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE