ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2013 MAY -9 AM 8: 29
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| RODERICK MCKISSICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 312-065 |
| ) | |
| DAVID FRAZIER, Warden, et al., ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Macon State Prison in Oglethorpe, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983.[1] Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"). This case is now before the Court on Defendants' "Pre-Answer Motion to Dismiss" and accompanying "Motion to Stay Discovery." (Doc. nos. 31, 32.) Plaintiff has filed a response in opposition to the motion, as well as a "Motion to Grant Answer," in which he requests that the Court order each Defendant to "promptly answer" the amended complaint, and a "Motion for Discovery," in which he requests that the Court order Defendants to "submit all information" concerning his case. (Doc. nos. 34, 35, 36.) Defendants have filed a reply in response to Plaintiff's motions and his response in opposition to the motion to dismiss. (Doc. no. 37.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Defendants'

---

[1] At the time of the events forming the basis of the complaint, Plaintiff was incarcerated at Telfair State Prison ("TSP"). (See doc. no. 20.)

motion to dismiss be **GRANTED** (doc. no. 31), that Defendants' motion to stay be **DENIED** as **MOOT** (doc. no. 32), and that Plaintiff's motions be **DENIED** as **MOOT** (doc. no. 35, 36).

I. **BACKGROUND**

After screening Plaintiff's original complaint pursuant to 28 U.S.C. §§ 1915(e) & 1915A (doc. no. 1), the Court found in a November 8, 2012 Report and Recommendation ("R&R") that the complaint failed to state a claim upon which relief could be granted and accordingly recommended that it be dismissed (doc. no. 16). On November 26, 2012, Plaintiff submitted lengthy objections to the R&R, in which he provided a considerable amount of new information concerning, in particular, his claim that he was improperly confined to the prison showers for a five-day period of time. (See generally doc. no. 18.) Based on the provision of that new information, as well Plaintiff's improperly filed "Declaration" – in actuality, a series of witness statements – the Court found that Plaintiff should be given an opportunity to amend his complaint in order to include all of his claims and allegations within a single filing. (See doc. no. 19.) Accordingly, on December 20, 2012, the Court directed Plaintiff to submit an amended complaint within fifteen days of the date of that Order. (Id. at 2.)

On January 8, 2013, Plaintiff submitted his amended complaint, in which he names, among other individuals, the following Defendants: (1) Warden David Frazier; (2) Captain David Spires; and (3) Unit Manager Rodney McCloud. (Doc. no. 20, p. 1.) Plaintiff alleges, *inter alia*, that, after refusing to join the general prison population on February 10, 2012, Defendant Frazier asked him his reason for doing so. (Id. at 4.) Plaintiff alleges that he told

2

Defendant Frazier that he had enemies at TSP and that he was not trying to cause problems. (Id.) Plaintiff alleges that Defendant Frazier replied with a series of crude comments apparently intended to demonstrate his authority over Plaintiff and the other prisoners, and that he then ordered a number of prison officials, including Defendants McCloud and Spires, to confine him and a number of other prisoners to the prison showers. (Id. at 5.) Plaintiff alleges that Defendants Spires and McCloud then complied with Defendant Frazier's orders and escorted Plaintiff to the showers, where he was confined for a total of five days. (Id. at 6.) Plaintiff alleges that the showers were unsanitary and did not have toilets or sinks, and that he and the other prisoners were thus forced to "eat, sleep, urinate, and defecate" therein and to live in "the proximity of other humans' waste." (Id. at 7.)

Along with the amended complaint, Plaintiff has provided a copy of an "Administrative Segregation Assignment Memo" documenting his relegation to the "F-1 Shower" for refusing to join population, which is signed by Defendant McCloud. (Doc. no. 20-1, p. 9.) Additionally, Plaintiff has provided a series of grievances in which he protests his confinement to the showers. (Id. at 1-25.) In the responses to those grievances, various prison officials explain that Plaintiff was placed in the showers pending bed availability due to his refusing his bed assignment and segregation being filled, that cleaning supplies and chemicals are issued every Tuesday and Thursday, and that it is Plaintiff's duty to clean his living quarters. (Id. at 1, 4.) Plaintiff has also provided a series of "witness statements" wherein he again protests his confinement to the showers. (Id. at 10-19.)

Because Plaintiff is proceeding IFP, the Court screened his amended complaint and the materials attached thereto pursuant to 28 U.S.C. §§ 1915(e) & 1915A. In a February 21,

3

2013 Order, the Court vacated its R&R screening the original complaint and allowed Plaintiff to proceed with § 1983 claims against Defendants Frazier, McCloud, and Spires, based on his allegations that they showed deliberate indifference to his health and safety in violation of the Eighth Amendment by confining him to the prison showers for five days.[2] (Doc. no. 22.)

## II. DISCUSSION

In the instant motion, Defendants argue that Plaintiff's amended complaint should be dismissed for failure to state a claim, because Plaintiff has failed to demonstrate sufficient physical injury to obtain damages, and because Defendants are entitled to qualified immunity. (See generally doc. no. 31-1.) In his response in opposition to the motion to dismiss, Plaintiff generally re-asserts the alleged facts of his case, provides a series of citations to cases concerning conditions of confinement, none of which are binding on this Court, and perfunctorily asserts that he has demonstrated "sufficient irreparable injury." (See generally doc. no. 34.) Plaintiff additionally argues that Defendants are not entitled to qualified immunity because Plaintiff's confinement to the prison showers "offends contemporary concepts of decency."[3] (Id. at 9-10.) As explained below, the Court finds that Defendants are

---

[2]Upon screening Plaintiff's amended complaint, the Court additionally recommended the dismissal of Plaintiff's remaining claims, the dismissal of Defendants Owens, Dees, Sanders, Toby, White, Couley, and Davis, and the denial of Plaintiff's motion for entry of default. (Doc. no. 23.) The Honorable Dudley H. Bowen, Jr., United States District Judge, adopted that recommendation as the opinion of the District Court. (Doc. no. 26.)

[3]As has become a pattern in Plaintiff's filings, Plaintiff also asserts in his response a number of flatly incorrect statements concerning the procedural posture of this case and the merits of his claims. For instance, although Plaintiff announces that he "hereby officially declare[s]" that the Court, by permitting his shower claim to go forward, "irrefutably determine[d] by law that the defendants' malicious actions [were] unequivocally unconstitutional," such is simply not the case. (Id. at 2.) Rather, as the Court explained in its February 21, 2013 Order, the Court merely found that Plaintiff had *arguably* stated a

4

entitled to qualified immunity, and therefore finds it unnecessary to reach the other arguments in Defendants' motion.

A. **Legal Standard**

A motion under Rule 12(b)(6) challenges the legal sufficiency of the complaint. "In essence, a movant says, 'Even if everything you allege is true, the law affords you no relief.'" Johnson v. Fleet Finance, Inc., 785 F. Supp. 1003, 1005 (S.D. Ga. 1992) (Edenfield, J.). In deciding a motion to dismiss under Rule 12(b)(6), all of the non-moving party's allegations must be presumed true and all reasonable inferences must be construed in the light most favorable to the non-moving party. Miree v. DeKalb County, Ga., 433 U.S. 25, 27 n.2 (1977); Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990). Furthermore, a claim should not be dismissed if the facts alleged in the complaint are sufficient to state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561-62 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Moreover, granting a motion to dismiss is disfavored and rare. Brooks v. Blue Cross and Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997) (*per curiam*). Finally, while factual allegations in the complaint must be taken as true when considering a motion to dismiss, there is no requirement that the Court must accept as true the plaintiff's conclusions of law. See Solis-Ramirez v. United States Dep't of Justice, 758 F.2d 1426, 1429 (11th Cir. 1985) (*per curiam*). With these principles

---

claim for deliberate indifference, such that it was not recommending the dismissal of the claim upon initial screening for frivolity, maliciousness, or failure to state a claim. (Doc. no. 22, pp. 3, 8.)

in mind, the Court turns its attention to the instant motion to dismiss.

## B. Defendants Are Entitled to Qualified Immunity

Defendants contend that they are entitled to qualified immunity because they were acting within the scope of their discretionary authority as "employees of the State of Georgia" during the relevant time period and because "Plaintiff cannot show that the law regarding Defendants' alleged actions was clearly established such that [their] actions would amount to a § 1983 violation." (Doc. no. 31-1, p. 14.) Plaintiff argues in response that the "constitutional laws governing [Defendants'] conduct was clearly established at the time of the violation, even with the S.O.P. Rules and Regulations etc." (Doc. no. 34, p. 8.) Additionally, Plaintiff summarily asserts that an official's treatment of a prisoner violates the Eighth Amendment "whenever it offends contemporary concepts of decency" (id. at 9) and, as noted above, he cites elsewhere in his response to a number of cases decided by various courts concerning conditions of confinement (id. at 4-5).

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Pearson v. Callahan, 555 U.S. 223, 231 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)); Townsend v. Jefferson County, 601 F.3d 1152, 1157 (11th Cir. 2010). For an official's acts to be within their discretionary authority, they must be "(1) undertaken pursuant to the performance of [his] duties and (2) within the scope of [his] authority." Jones v. City of Atlanta, 192 F. App'x 894, 897 (11th Cir. 2006) (punctuation omitted) (quoting Lenz v. Winburn, 51 F.3d 1540, 1545 (11th Cir. 1995)). If the defendant shows that he was acting

within his discretionary authority, then "the plaintiff must show that: (1) the defendant violated a constitutional right, and (2) this right was clearly established at the time of the alleged violation." Townsend, 601 F.3d at 1158 (punctuation omitted) (quoting Holloman ex. rel. Holloman v. Harland, 370 F.3d 1252, 1264 (11th Cir. 2004)).

Furthermore, "[a] right is clearly established if, in light of already-existing law, the unlawfulness of the conduct is apparent, and if a constitutional rule applies with obvious clarity to give an official fair warning that violating that right is actionable." Bennett v. Hendrix, 423 F.3d 1247, 1255 (11th Cir. 2005) (internal citations omitted). "If reasonable public officials could differ on the lawfulness of a defendant's actions, the defendant is entitled to qualified immunity." Storck v. City of Coral Springs, 354 F.3d 1307, 1314 (11th Cir. 2003). Also, the Eleventh Circuit has held: "In this circuit, the law can be 'clearly established' for qualified immunity purposes only by decision of the United States Supreme Court, Eleventh Circuit Court of Appeals, or the highest court of the state where the case arose." Jenkins by Hall v. Talladega City Bd. of Educ., 115 F.3d 821, 826 n.4 (11th Cir. 1997).

Here, Defendants have satisfied the threshold requirement of showing that they were acting within the scope of their discretionary authority, as they were each on-duty as state prison employees during the relevant time period. See Lenz, 51 F.3d at 1545. Given Plaintiff's assertion in his response to the motion to dismiss that Defendants were acting under color of state law when they allegedly violated his constitutional rights (doc. no. 34, p. 9), there appears to be no disagreement as to that point. The burden therefore shifts to Plaintiff to show that (1) Defendants violated a constitutional right, and (2) this right was clearly

established at the time of the alleged violation. Townsend, 601 F.3d at 1158. Notably, the Court is not required to analyze these requirements in any particular order, and may exercise its discretion to find that qualified immunity attaches based on Plaintiff's failure to show clear establishment of the right without first finding that Plaintiff has stated a claim for the violation of that right. Pearson, 555 U.S. at 236.

Defendant is entitled to qualified immunity in this case because the right at issue was not clearly established at the time of the alleged violation. The Court is mindful that it has been established for some time that deliberate indifference to a prisoner's health and safety violates the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). However, this principle is not automatically dispositive of the qualified immunity analysis required here, as the determination of "whether a constitutional right was clearly established 'must be undertaken in light of the specific context of the case, not as a broad general proposition.'" Vinyard v. Wilson, 311 F.3d 1340, 1349-50 (11th Cir. 2002) (quoting Saucier v. Katz, 533 U.S. 194, 201 (2001), *overruled on other grounds by* Pearson, 555 U.S. at 236). Factually similar cases from the relevant jurisdictions may be material to this determination, though prior cases need not demonstrate the unlawfulness of the challenged conduct in the exact same factual circumstance for qualified immunity to be overcome. See Hope v. Pelzer, 536 U.S. 730, 739 (2002). Rather, the issue here is whether the state of the law as of February 10, 2012, gave Defendants fair warning that transferring Plaintiff to the prison showers pending bed availability after he refused to join the general prison population was unconstitutional. See id. at 741. Such warning may be found in light of prior case law or where the conduct at issue "was so obviously at the core of what the [Eighth] Amendment

8

prohibits" that any reasonable officer would know it was unlawful. Vinyard, 311 F.3d at 1355 (quoting Lee v. Ferraro, 284 F.3d 1188, 1190 (11th Cir. 2002)).

First, Plaintiff has not shown, and the Court is not aware of, any case in the United States Supreme Court, the Eleventh Circuit Court of Appeals, or the Supreme Court of Georgia in which a court has determined conduct such as Defendants' to be unconstitutional in these factual circumstances.[4] Indeed, although Plaintiff cites to a number of cases concerning conditions of confinement in his response in opposition to the motion to dismiss, none of those cases were decided by the United States Supreme Court, the Eleventh Circuit Court of Appeals, or the Supreme Court of Georgia. (See doc. no. 34, pp. 4-5.) In fact, given the wide range of case law to which Plaintiff cites – including cases decided by the Tenth Circuit, the Eighth Circuit, the Fifth Circuit, the Seventh Circuit, the Second Circuit, and the state of Massachusetts – the Eleventh Circuit is conspicuous in its absence. (Id.)

Moreover, as noted by Defendants, in the most factually-analogous case decided by one of the above courts, the Eleventh Circuit affirmed summary judgment against a plaintiff on an Eighth Amendment conditions of confinement claim where, for a period of five days, seven inmates were confined to a single cell with broken plumbing, were forced to sleep on cement floors and soiled linens, and were denied showers. Fischer v. Ellegood, 238 F. App'x 428, 429-30, 433-34 (11th Cir. 2007). In making its decision, the court in that case noted that

---

[4]Additionally, as correctly argued by Defendants (doc. no. 37, p. 4), "[o]fficials sued for constitutional violations do not lose their qualified immunity merely because their conduct violates some statutory or administrative provision." Davis v. Scherer, 468 U.S. 183, 194 (1984). Thus, Plaintiff's argument that Defendants are not entitled to qualified immunity based on their alleged violation of the Georgia Department of Corrections' Standards of Procedure is without merit. (Doc. no. 34, pp. 8-9.)

9

the plaintiff "failed to provide evidence of conditions that were sufficiently 'extreme' as to 'pose [] an unreasonable risk of serious damage to his future health or safety.'" Id. at 434 (citing Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004)).

Finally, in the absence of clearly established case law on point, the Court must ask whether Defendants' conduct was so obviously at the very core of what the Eighth Amendment prohibits that any reasonable officer would know it was unlawful. See Lee, 284 F.3d at 1199. "The Eighth Amendment embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" Shabazz, 790 F.2d 1536, 1538 (11th Cir. 1986) (quoting Estelle, 429 U.S. at 102). Moreover, the Eighth Amendment's prohibition on cruel and unusual punishment concerns "the unnecessary and wanton infliction of pain." Id. Here, as noted by Defendants (doc. no. 31-1, pp. 8-13), Plaintiff alleges absolutely no physical injury whatsoever stemming from his confinement, and he has accordingly failed to allege that he was subject to any "unnecessary and wanton infliction of pain."[5] In fact, in response to Defendants' argument concerning his lack of injury, Plaintiff appears to simply hedge by vaguely asserting that "there is no healing from the constitutional violations" to which he has allegedly been subjected. (Doc. no. 34, p. 8.) Moreover, although Plaintiff repeatedly notes in his amended complaint the generally unsanitary nature of the shower to which he was confined, the warden or superintendent's response to Plaintiff's February 21, 2012 grievance

---

[5]While the Court is aware that Plaintiff has alleged in his request for relief that he seeks three million dollars as compensation for the "overwhelming pain and suffering [he has] been maliciously forced to endure," his statement concerning pain and suffering is entirely unsupported, not to mention exemplary of his general tendency to engage in hyperbolic and vitriolic descriptions of his claims. (Doc. no. 20, p. 35.) Even if Plaintiff *had* made any effort to support his assertion of pain and suffering, however, it is entirely unclear to which of his many claims in the amended complaint the assertion is intended to apply.

10

indicates that Plaintiff, as an "admin/seg inmate" confined to a "segregation shower," was provided with cleaning supplies and chemicals twice a week in order to clean his living quarters. (Doc. no. 20-1, p. 4.) In short, in light of the quintessential Eighth Amendment concerns enumerated above and the circumstances that Plaintiff has alleged, the Court finds that Defendants' decision concerning Plaintiff's five-day confinement to the prison showers is not so obviously at the core of the Eighth Amendment's prohibition on cruel and unusual punishment that any objectively reasonable prison official would understand it to be unconstitutional.

Therefore, the Court finds that the existing law in effect at the time of the events giving rise to this action would not make it apparent to a reasonable officer that confining an inmate to the prison showers for five days pending the availability of a bed in administrative segregation would violate that inmate's constitutional rights. Defendants are therefore entitled to qualified immunity, and their motion to dismiss should be granted.[6]

### III. CONCLUSION

For the reasons stated above, the Court **REPORTS** and **RECOMMENDS** that Defendants' motion to dismiss be **GRANTED** (doc. no. 31), that Defendants' motion to stay be **DENIED** as **MOOT** (doc. no. 32), that Plaintiff's "Motion to Grant Answer" and motion for discovery be **DENIED** as **MOOT** (doc. no. 35, 36), that Plaintiff's amended complaint be **DISMISSED**, that a final judgment be **ENTERED** in favor of Defendants, and that this

---

[6]Given the Court's recommendation that the motion to dismiss be granted and this case be closed, there is no need to grant Defendants' motion requesting a stay of discovery pending the resolution of the motion to dismiss. (Doc. no. 32.) Plaintiff's motions to grant an answer and for discovery are similarly irrelevant given the Court's recommendation, in that they are both contingent upon the case progressing from this point. (Doc. nos. 35, 36.)

11

civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 9th day of May, 2013, at Augusta, Georgia.

/s/ W. Leon Barfield
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE